## DU BOIS *v.* DECKER.

*(Supreme Court, General Term, Third Department. March 16, 1889.)*

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—AGGRAVATION OF DAMAGES.

In an action against a surgeon for treating plaintiff's wounded leg unskillfully, whereby, as plaintiff alleges, two amputations were rendered necessary, it is not error to refuse to charge that if plaintiff did not obey defendant's instructions, and this aggravated the injury, he cannot recover, for though an aggravation of the suffering caused by such disobedience may properly be considered in assessing the damages, it would not bar a recovery for an injury resulting proximately from defendant's negligence.

Appeal from circuit court, Ulster county.

Action by Henry Du Bois against William M. Decker, a surgeon, for the negligent treatment of plaintiff's leg. Verdict and judgment for plaintiff for $800 and costs, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*A. T. Clearwater,* for appellant. *S. T. Hull* and *Wm. D. Brinnier,* for respondent.

INGALLS, J. The examination of the facts of this case as contained in the printed case has led us to the conclusion that a fair question of fact was raised by the evidence in regard to the inquiry whether the defendant was chargeable with neglect, or the want of requisite skill, in the treatment of the fracture of the plaintiff's limb. The evidence was conflicting to an extent which justified the trial court in submitting the case to the jury, and their determination is so far supported by the evidence that this court should not interfere with the verdict rendered by them. If the plaintiff was entitled to recover, the amount awarded him does not seem excessive. The defendant, in his professional capacity, undertook to treat the fracture, and was therefore bound to exercise ordinary care and skill in such treatment. The fact that the plaintiff was in indigent circumstances, and received treatment in the alms-house, and even that he had, for some offense, been confined in the penitentiary, could not relieve the defendant from the duty of exercising a reasonable degree of care and skill in the treatment of his case. The law, as well as the dictates of humanity, exacted that much of the defendant. The charge of the judge indicates that the cause was fairly submitted to the jury upon the material questions involved, and with due regard to the rights of the respective parties. The counsel for the defendant has taken the position upon this appeal that the plaintiff was chargeable with contributory negligence in not obey-

ing the instructions of the defendant, and in not keeping the injured limb in the position as adjusted by the defendant, and by refusing to take the medicine prescribed by him, and that therefore the plaintiff could not recover, even though the defendant became chargeable with want of care and skill in the treatment of the case.　We do not discover that such question was raised upon the trial in such manner as to be available upon this appeal, unless it can be predicated of the following request to charge: "Defendant asks the court to charge, if plaintiff did not obey defendant's instructions, and this contributed to an aggravation of the injury, the plaintiff cannot recover.

We do not think such request was sufficient to raise the question of contributory negligence in such manner as to enable the defendant to assail upon that ground the plaintiff's right to recover.　It will be perceived that the request contains a limitation, "and this contributed to an aggravation of the injury;" not that it contributed to the injury complained of.　It might well be that the improper conduct of the patient might have had the effect to aggravate the wound, and thereby increase the pain and suffering, but not to defeat the cause of action.　If the request had been to charge the jury that the improper conduct of the plaintiff, if it existed, and had the effect to aggravate the result of the injury, was proper to be considered by the jury in adjusting the amount of the damages, there might be point and materiality in the request.　Moak, Underh. Torts, 463, contains the following: "The contributory negligence which bars a recovery for an injury is that which co-operates in causing the injury; some concurring act, or omission of the other party to produce the injury—not the loss merely, and without which the injury could not have happened.　Negligence which has no operation in causing the injury, but which merely adds to the damage resulting, is no bar to a recovery, though it will detract from the damages," etc.　We do not discover that the defendant insisted at the trial that the plaintiff was chargeable with any omission of duty on his part, previous to the second amputation.　Indeed, the defendant testified upon his cross-examination as follows: "I think he took his medicine regularly up until after the second amputation.　Neither amputation was the result of his not having taken his medicine.　I could not trace it exclusively to that."　We have examined the other exceptions taken during the progress of the trial, and discover no error prejudicial to the defendant's case, or which calls for a reversal of the judgment, and the same should be affirmed, with costs.　All concur.